IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | No. C14-02472 CRB |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| LATONYA RENA CALIP-FINLEY, | |
| Defendant. | |

Pro se Defendant Latonya Rena Calip-Finley removed this criminal case from the Alameda County Superior Court. Notice of Removal (dkt. 1). Because the Court does not have jurisdiction over the case, the Court REMANDS it to state court.

At the motion hearing on July 11, 2014 in related case <u>Finley v. Reardon et al.</u>, 14-908, Defendant indicated that she intended to voluntarily dismiss this case. Further, pursuant to 28 U.S.C. § 1447(c), a district court may remand a case any time before final judgment if it appears that the court lacks subject matter jurisdiction. A district court has subject matter jurisdiction if: (1) the action arises under the Constitution, laws, or treaties of the United States, or (2) if there is a diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331-32.

Here, there is no subject matter jurisdiction because the criminal complaint includes only violations of California statutes. <u>See</u> Notice of Removal. Defendant's anticipated

federal defenses do not give the Court jurisdiction; as the Supreme Court articulated in Mottley, federal courts only have original jurisdiction when the original complaint, and not anticipated defenses, contains constitutional or federal statute questions.  See Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 153 (1908).  Additionally, there is no diversity jurisdiction because Defendant resides in California.

Accordingly, the Court REMANDS this case to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: July 11, 2014

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE